**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIAMOND SPORTS NET, LLC,[1] | ) | Case No. 23-90126 (CML) |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |

**REORGANIZED DEBTOR'S MOTION FOR ENTRY OF FINAL DECREE CLOSING
THE CHAPTER 11 CASE OF DIAMOND SPORTS NET, LLC**
**[Related to Case No. 23-90116, Docket No. 2893]**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within 21 days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within 21 days from the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

The reorganized debtor in the above-captioned case (the "Reorganized Debtor") files this motion seeking entry of a final decree, substantially in the form attached hereto (the "Final Decree"), (a) closing the chapter 11 case of Diamond Sports Net, LLC ("DSN"), Case No. 23-90126 (CML) (the "Remaining Case") and (b) granting related relief.[2]

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of*

---

[1] The Reorganized Debtor's service address for purposes of this chapter 11 case is: c/o Main Street Sports Group, LLC, 2960 Post Road, Southport, CT 07890. The Reorganized Debtor's chapter 11 case was previously jointly administered under the chapter 11 case of Diamond Sports Group, LLC, Case No. 23-90116 (CML).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan (as defined below).

*Texas*, dated May 24, 2012 (the "Amended Standing Order"). The Reorganized Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are section 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 3002, and Rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

### Background

4.      On March 14 and 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On March 15, 2023, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [Case No. 23-90116, Docket No. 28] (the "Joint Administration Order").

5.      On November 14, 2024, the Court entered an order [Case No. 23-90116, Docket No. 2671] (the "Confirmation Order") confirming the Debtors' chapter 11 plan of reorganization, which is attached to the Confirmation Order as Exhibit 1 thereto (as may be amended, modified, or supplemented from time to time, the "Plan"). The Confirmation Order is final, non-appealable, and not subject to any pending appeal.[3]

---

[3]   Confirmation Order ¶ 124 ("This Confirmation Order is a Final Order, and the period in which an appeal must be filed shall commence upon the entry hereof."). Pursuant to Bankruptcy Rule 8002, an appeal must have been filed

6.     On January 2, 2025, the Reorganized Debtors filed a notice [Case No. 23-90116, Docket No. 2836] disclosing that the Effective Date occurred on January 2, 2025.  On the Effective Date, the Debtors substantially consummated the Plan and emerged from these chapter 11 cases as the Reorganized Debtors.

7.     Upon the Effective Date, the Reorganized Debtors, among other things, commenced distributions to Holders of Claims in accordance with the Plan.  The Debtors continued to reconcile and prosecute objections to Claims as warranted following the Effective Date (the "Claims Reconciliation Process").

8.     On January 27, 2025, the Court entered the *Final Decree Closing Certain of the Chapter 11 Cases* [Case No. 23-90116, Docket No. 2893] (the "Affiliate Debtor Final Decree"), which (a) consolidated and transferred all remaining matters and Claims against the estates of each of DSN's Debtor affiliates to the Remaining Case and (b) closed the cases of DSN's Debtor affiliates but left open the Remaining Case.  The Remaining Case was left open to address any outstanding issues in the Reorganized Debtors' chapter 11 cases, such as the Claims Reconciliation Process and final fee applications for retained estate professionals (such matters, collectively, the "Remaining Matters").

9.     DSN is current with respect to fees payable to the United States Trustee for the Southern District of Texas (the "U.S. Trustee") pursuant to section 1930 of the United States Code ("Section 1930 Fees") through the last quarter.  DSN will pay all Section 1930 Fees accruing up to the date of entry of the Final Decree.

---

within 14 days of entry of the Confirmation Order (as adjusted by Bankruptcy Rule 9006), i.e., by November 29, 2024.

10.     Since entry of the Affiliate Debtor Final Decree, the Court has entered orders approving all final fee applications in these chapter 11 cases, and the Claims Reconciliation Process has substantially been completed.

11.     The Reorganized Debtor is currently in the process of conclusively resolving the two Remaining Matters described below.

12.     **Sinclair Dispute**.  On May 20, 2025, the Court entered an order [Docket No. 153] ("Sinclair Order") partially granting Sinclair Television Group, Inc.'s request for an asserted administrative expense claim (the "Sinclair Dispute") [Case No. 23-90116, Docket No. 2756].  On May 29, 2025, the Reorganized Debtor filed a motion [Docket No. 156] (the "Motion for Clarification") to seek clarification of the amount of reimbursable expenses awarded under the Sinclair Order.  The hearing for the Motion for Clarification has been set for Thursday, June 12, 2025.  The Reorganized Debtor expects the Court to issue an order resolving the Motion for Clarification soon after the hearing, which the Reorganized Debtor expects likely will resolve the last remining issue of the Sinclair Dispute.  Therefore, the Sinclair Dispute is expected to be finally resolved ahead of the objection deadline of this motion (i.e., June 27, 2025).

13.     **Marquee Claims**.  Marquee Sports Network, LLC ("Marquee") and NEH MSN HoldCo, LLC (collectively, the "Marquee Claimants") filed, respectively, Claim Nos. 338 and 333 (collectively, the "Marquee Claims") as "protective" proofs of claim against Debtor Sports Network, LLC for the purpose of reserving the Marquee Claimants' rights with respect to the Reorganized Debtor's ownership interests in Marquee, which the Reorganized Debtor transferred to Sinclair in August 2024.  The Marquee Claimants informed the Reorganized Debtor that they will not withdraw the Marquee Claims because Sinclair has yet to deliver a signed notice to the Marquee Claimants evidencing that it has acquired the ownership interests in Marquee.  On May

30, 2025, the Reorganized Debtor filed objections to each of the Marquee Claims [Docket Nos. 162, 163] seeking to expunge and disallow the Marquee Claims.  These objections were filed requesting relief no later than June 27, 2025.  Thus, the Reorganized Debtor expects the Marquee Claims to be conclusively resolved by the objection deadline of this motion.

14.     Therefore, the Reorganized Debtor expects that all Remaining Matters will be resolved and the chapter 11 cases will be fully administered by the date of entry of the Final Decree.

15.     Based on the foregoing, and as further discussed below, the Reorganized Debtor respectfully submits that entry of the Final Decree closing the Remaining Case is appropriate.

### Basis for Relief

16.     Section 350(a) of the Bankruptcy Code provides that, "after an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that, "after an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

17.     The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.  The Advisory Committee Notes to Bankruptcy Rule 3022 (the "Advisory Committee Notes"), however, set forth the following non-exclusive factors for consideration in determining whether a case has been fully administered:

a.     whether the order confirming the plan has become final;

b.     whether deposits required by the plan have been distributed;

c.     whether the property proposed by the plan to be transferred has been transferred;

d.     whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

e.      whether payments under the plan have commenced; and

f.      whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).  Courts look "to the advisory committee's notes on Bankruptcy Rule 3022[] in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015).

18.     In addition to the factors set forth in the Advisory Committee Notes, courts consider whether the plan of reorganization has been substantially consummated.  *See, e.g.*, *id.* ("Substantial consummation is the pivotal question here to determine the propriety of closing the [case].").  Section 1101(2) of the Bankruptcy Code defines substantial consummation as the:  (a) transfer of all or substantially all of the property proposed by the plan to be transferred; (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (c) commencement of distribution under the plan.  11 U.S.C. § 1101(2).  Not all of these factors must be present before a court will enter a final decree.  *See, e.g.*, *Walnut Assocs.* v. *Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994).

19.     Courts have also noted that entry of a final decree is appropriate to stop the accrual of Section 1930 Fees.  *See In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" due to accrual of Section 1930 Fees).

20.     Here, the foregoing factors weigh strongly in favor of closing the Remaining Case.  The Plan has been substantially consummated, the Confirmation Order is a Final Order, all Remaining Matters will have been resolved by the time a Final Decree is entered, and the Remaining Case will be "fully administered,".  *See* Confirmation Order ¶ 119 ("On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b)

of the Bankruptcy Code."); *see also* Plan Art. IX.D ("'Substantial Consummation' of the Plan, as defined in section 1101(2) of the Bankruptcy Code, with respect to any of the Debtors, shall be deemed to occur on the Effective Date with respect to such Debtor.").  In addition, the Claims Reconciliation Process will be complete by the date of entry of the Final Decree, and distributions will have been made to all Holders of Allowed Claims in accordance with the terms of the Plan, the Reorganized Debtors have assumed the business and management of the Debtors, all final fee applications for retained estate professionals have been approved by the Court, and no motions, proceedings, or contested matters are pending.

21.     Pursuant to section 350(b) of the Bankruptcy Code, the Court retains jurisdiction to reopen the Remaining Case for further administration in the unlikely event that such a need arises. The relief sought herein thus will not prejudice any other party in interest.  For all of the foregoing reasons, the Reorganized Debtor respectfully submits that the Remaining Case has been fully administered within the meaning of section 350(a) of the Bankruptcy Code and entry of the Final Decree is appropriate for the Remaining Case.

22.     Accordingly, the Reorganized Debtor respectfully requests that the Court enter the Final Decree closing the Remaining Case and granting related relief.

### Notice

23.     The Reorganized Debtor will provide notice of this motion to (a) the parties on the Master Service List available on the website of the Reorganized Debtor's claims and noticing agent at https://cases.ra.kroll.com/DSG, and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Reorganized Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Reorganized Debtor respectfully requests that the Court enter the Final

Decree, substantially in the form attached hereto, granting the relief requested herein and such

other relief as the Court deems appropriate under the circumstances.


June 5, 2025

Respectfully submitted,

*/s/ John F. Higgins*

**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Jordan T. Stevens (TX Bar No. 24106467)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
jstevens@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brian S. Hermann (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Alice Nofzinger (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
bhermann@paulweiss.com
jgraham@paulweiss.com
anofzinger@paulweiss.com

*Counsel to the Reorganized Debtor*

8

## <u>Certificate of Service</u>

I certify that on June 5, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins