United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 30, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DIAMOND SPORTS NET, LLC,[1] | ) | Case No. 23-90126 (CML) |
|  | ) |  |
| Reorganized Debtor. | ) |  |
|  | ) |  |

**FINAL DECREE CLOSING
THE CHAPTER 11 CASE OF DIAMOND SPORTS NET, LLC**
**[Related to Docket No. 167]**

Upon the motion (the "Motion")[2] of the Reorganized Debtor for entry of a final decree (this "Final Decree") (a) closing the Remaining Case and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtor's estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual

---

[1]   The Reorganized Debtor's service address for purposes of this chapter 11 case is:  c/o Main Street Sports Group, LLC, 2960 Post Road, Southport, CT 07890.  The Reorganized Debtor's chapter 11 case was previously jointly administered under the chapter 11 case of Diamond Sports Group, LLC, Case No. 23-90116 (CML).

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Remaining Case is hereby closed, effective as of the date of entry of this Final Decree; *provided* that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Final Decree.

2.      The Reorganized Debtor shall file a post-confirmation quarterly report for the last period during which the Remaining Case remained open, and shall serve a true and correct copy of said report on the U.S. Trustee no later than 30 days after the date of entry of this Final Decree.

3.      The Reorganized Debtor, as applicable and in accordance with and to the extent set forth in Article XII.C of the Plan, shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) with respect to DSN by no later than the later of (a) 21 days after the date of entry of this Final Decree and (b) the date on which such quarterly fees are otherwise due.  This Court shall retain jurisdiction to enforce payment of fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

4.      Following the completion of the services identified in paragraph 5 below, Kroll Restructuring Administration LLC ("Kroll") shall have no further obligations to this Court or any party in interest with respect to the claims, noticing, and solicitation services in the chapter 11 cases.

5.      Consistent with the *Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Claims, Noticing, and Solicitation Agent* [Case No. 23-90116, Docket No. 45], after entry of this Final Decree, Kroll shall deliver to the Clerk of the Court

an electronic copy in pdf format of all proofs of claim.  Once the electronic copy has been received by the Clerk of the Court, Kroll may destroy all proofs of claim in its possession sixty days after filing a Notice of Intent to Destroy on the Court's docket.

6.      Entry of this Final Decree is without prejudice to (a) the rights of any party in interest to seek to reopen the Remaining Case for cause shown in accordance with section 350(b) of the Bankruptcy Code and (b) the rights of the Reorganized Debtor, or any entity authorized pursuant to the Plan, to dispute any Claim that was filed against the Debtors or Reorganized Debtor, as applicable, in the chapter 11 cases as contemplated by the Plan and the Confirmation Order.  Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any Claim against or interest in any Debtor or Reorganized Debtor, as applicable, would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise had this Final Decree not been entered.

7.      Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed a waiver of the rights of the Reorganized Debtor or any entity under the Plan.

8.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

10.      The Reorganized Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.


Signed: June 30, 2025                    _____
                                         Christopher Lopez
                                         United States Bankruptcy Judge